## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| MICHELLE HERSHBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-CV-198 |
| | ) | |
| DEBORAH KLINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a Motion for Leave to File an Amended Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Docket # 46) filed by Defendants Rich Snyder and the Town of LaGrange, seeking to add qualified immunity as an additional defense. The basis for the motion is some recent discovery that supports the defense. The Plaintiff has not filed any opposition to the motion. For the following reasons, the motion filed by Snyder and the Town of LaGrange will be GRANTED.

### A. Factual and Procedural Background

For purposes of the current motion, it is relevant to note that this is an action brought by the Plaintiff, Michelle Hershberger, under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, as well as a number of state claims against various defendants. In sum, and for our purposes here, her allegations are that Snyder, the LaGrange Town Marshal, acted in his individual and official capacity when he assisted Hershberger's landlords/sellers, Deborah and Byron Kline, in a bogus self-help eviction that resulted in her removal from the restaurant she was leasing/buying from them.

In their motion, Snyder and the Town of LaGrange want to add the defense that Snyder is

entitled to qualified immunity as a reasonable police officer would have believed that his actions did not violate any of Hershberger's clearly established rights.

### B. Standard of Review

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted); *see United States v. Drayer*, No. F 90-14, 1990 WL 100329, at *4 (N.D. Ind. June 28, 1990). "The court 'should freely give leave when justice so requires.'" *Soltys*, 520 F.3d at 743 (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S 178, 182 (1962); *Drayer*, 1990 WL 100329, at *4. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743; *see Foman*, 371 U.S. at 182; *Drayer*, 1990 WL 100329, at *4.

### C. Discussion

Here, the Plaintiff does not challenge the proposed amendment as coming too late. Similarly, Hershberger does not suggest that she would suffer any prejudice or that the proposed amendment amounts to a futility.

In short, the proposed amendment is apparently supported by facts that have now been revealed in discovery. Considering that leave to amend should be "freely given when justice so requires", Fed. R. Civ. P. 15(a), the motion to amend filed by Snyder and the Town of LaGrange will be GRANTED.

## D. Conclusion

For the foregoing reasons, the Motion for Leave to File an Amended Answer and Affirmative Defenses (Docket # 46) is GRANTED. The Clerk is directed to show the Amended Answer (Docket # 46-1) filed.

SO ORDERED.

Enter for this 2nd day of August, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge